UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

JUDGE CASEY

| | |
|---|---|
| **PETER JANOWSKY**, individually and on behalf of all others similarly situated, | Civil: |
| Plaintiff, | **05 CV 7660** |
| v. | **CLASS ACTION COMPLAINT FOR:** |
| **WACHOVIA SECURITITES, LLC** and **PRUDENTIAL SECURITIES INCORPORATED**, | Recovery of Overtime Compensation for Commissioned Brokers |
| Defendants. | |

RECEIVED
AUG 3 0 2005
U.S.D.C. S.D. N.Y.
CASHIERS

## THIS IS A CLASS ACTION LAWSUIT

Plaintiff, individually and on behalf of all others similarly situated, complains and alleges as follows:

1.    This is a class action brought on behalf of all persons who, at any time during the past six years and up until the date of entry of judgment are or were employed as stock brokers in New York State at any of the brokerage firms owned and operated by Wachovia Securities, LLC and/or Prudential Securities Incorporated.

### I.

### <u>JURISDICTION AND VENUE</u>

2.    This action arises under the Fair Labor Standards Act ("FLSA") as amended, 29 U.S.C. and the Labor Laws of New York.  This Court has jurisdiction in this action pursuant to 28 U.S.C. §§1331 and 1367.  Plaintiff invokes the supplemental jurisdiction of this court to consider claims arising under the state law.

3. Pursuant to 28 U.S.C. 1391, venue is proper in the Southern District of New York because the Defendant Wachovia Securities LLC, is headquartered at 49 Rockefeller Plaza in Manhattan and because the Defendant operates numerous offices in this County.

## II.

## PARTIES

4. The Plaintiff Peter Janowsky has been at all times relevant a licensed securities broker employed in the State of New York. On approximately September 1, 2000, he became an employee of Prudential Securities Incorporated as a commissioned stockbroker.

5. Effective July 1, 2003, Wachovia Corporation and Prudential Financial, Inc., merged their respective brokerage operations previously know respectively as Wachovia Securities and Prudential Securities Incorporated. The merged brokerage company was known as Wachovia Securities, LLC., with Prudential Securities Incorporated being a division of the new entity.

6. The Plaintiff continued as a commissioned broker in the employ of the new entity until June 30, 2005.

7. At all times, the wage and hour and all related employee compensation policies of Defendants' offices in New York are and were dictated by, controlled by, and ratified by the Defendants.

8. The named Plaintiff and every other broker at Prudential Securities Incorporated and Wachovia Securities, LLC were routinely required to work in excess of forty (40) hours per week without receiving overtime compensation. The named Plaintiff and every other broker had sales of financial products, including securities and stocks, as their primary duty and were

---

**CLASS ACTION COMPLAINT**

compensated almost exclusively on the basis of commissions earned by the sales of such financial products.

9.      Plaintiff brings this action on his own behalf and on behalf of all other such current and former employees similarly situated.

### III.

### FACTUAL ALLEGATIONS

10.     This is a class action brought on behalf of all persons who were improperly classified as exempt employees to recover overtime due to them under the FLSA and under the New York Labor Law and Wage Orders issued thereunder.  These persons include current and former stock brokers and broker trainees employed at the Defendants' locations in New York State during the six years preceding the filing of this action.

11.     The typical office operated by the Defendants is staffed by a manager, a number of experienced brokers, trainee brokers, and administrative assistants and support staff.

12.     Throughout this complaint, the term "broker" refers to brokers employed in New York State during the six years preceding the filing of this complaint who received more than half their compensation in the form of commissions.

13.     Pursuant to Defendants' uniform employment policies, brokers were classified as "exempt" and paid fixed commissions, irrespective of the hours they actually worked.  During the class period, stock brokers have consistently worked considerably more than 40 hours per week.

14.     The duties of the brokers have been set forth in uniform written company-wide policies and procedures promulgated by the Defendants.

**CLASS ACTION COMPLAINT**                                                                     PAGE 3

15.     Plaintiff and all other broker class members are inside salespeople who are and were paid primarily on a commission basis.  They have received no overtime pay as required by law.  Their primary duty has been the sale of financial products such as stocks.  Stocks are intended for resale and, therefore, lack the retail notion required for exemption.

16.     The Plaintiff and other broker class members are not administratively exempt because they do not meet the salary basis test and because their primary duty is the sale of securities.

17.     Some evidence generally reflecting the number of overtime hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendants.  While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages or restitution be awarded according to proof thus obtained and presented to the court.  When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  Anderson v. Mt. Clemens Pottery Co. (1946) 328 U.S. 680.

## IV.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action individually and as a class action on behalf of the following class: All persons employed within the six years preceding the filing of this action as a commissioned broker in New York by Wachovia Securities, LLC and/or Prudential Securities Incorporated.

19.     Plaintiff's claims are typical of the claims of the class because Plaintiff and all the class members were harmed by Defendants' failure to pay overtime.  Defendants' policies with

respect to the hours worked and deductions made are and were uniform throughout New York and the locations are and were operated under uniform written procedures.

20.     Plaintiff is a representative party who will fully and adequately protect the interests of the class members.  He has retained counsel who are competent in both class action and employment litigation.  Plaintiff has no interests which are contrary to or in conflict with those of the class he seeks to represent.

21.     The number of members in the class is believed to exceed one hundred (100) individuals, which makes it impractical to bring all members of the class individually before the Court, and the identities of the members of the class are determinable from the records of the Defendants, as are the days worked and the pay for each class member.

22.     A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even if any class member could afford individual litigation against a large business as like Defendants', it would be unduly burdensome to the justice system. Individual litigation magnifies the delay and expense to all parties.  By contrast, a class action presents far fewer management difficulties and affords the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual class members and judicial consistency.  Notice of the pendency and any resolution of this action can be provided to class members by mail, print, and/or internet publication.

23.     This type of case is uniquely well suited for class treatment since the employers' practices were uniform and the burden is on the employer to prove any exemption.

24.     Many issues of law or fact are common and they predominate over any individual questions.  These common issues include:

a. Whether Defendants' commissioned brokers were uniformly classified as exempt, in violation of the FLSA and/or the New York Labor Law and Wage Orders;

b. Whether Defendants failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their uniform designation of employees as exempt;

c. Whether Plaintiff and class members were expected to and/or mandated to regularly work overtime;

d. The correct statute of limitations for Plaintiff's and class members' claims;

e. The correct method of calculating back overtime pay;

f. Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

g. Whether Plaintiff and class members are entitled to restitution;

h. Whether Defendants are liable for pre-judgment interest;

i. Whether Defendants are liable for attorney's fees and costs.

## V.

## FIRST CAUSE OF ACTION

### Violations of the Fair Labor
### Standards Act: Overtime Pay

25.  Plaintiff hereby realleges and incorporates by reference all paragraphs above as though fully set in detail.

26.  Plaintiff brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated persons, if any, who consent in writing to join this action.

27.  The Defendants failed to pay numerous other persons, who performed work for the Defendants and who are similarly situated to Plaintiff, the compensation required by the FLSA, 29 U.S.C. §§206, 207, for the work, labor and services they provided to the Defendants, and Plaintiff seeks to take appropriate proceedings to have such persons notified of the pendency of this action and join this action as plaintiffs pursuant to 29 U.S.C. § 216(b) by filing written consents to joinder with the Court.

28.    As a result of the foregoing, Plaintiff seeks judgment against the Defendants on his own behalf and on behalf of those similarly situated who file written consents to joinder in this action, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the Defendants to the Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. §§206, 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

## VI.

### SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
### to Commissioned Brokers
### (Violation of NYCRR §142-2.2)

29.    Plaintiff hereby realleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

30.    Unless proven to be exempt for the protection of overtime laws, all employees are entitled to overtime for hours worked in excess of 40 in a week.

31.    NYCRR §142-2.2 provides:
An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in Section 13 (a)(2) and (4) shall not apply.  In addition, an employer shall pay employees subject to the exemptions of Section 13 of the Fair Labor Standards Act, as amended, except employees subject to Section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half time the basic minimum hourly rate.

32.    Stock or securities brokers compensated primarily on a commission basis are not otherwise exempt from the requirement of overtime premium pay.

---

**CLASS ACTION COMPLAINT**

33.     Likewise, since 25% of the revenue of the Defendants' business comes from locations outside New York State, it is not a retail business as that term is construed by the applicable regulations.

34.     Defendants' brokers do not meet any of the other exemptions from overtime such as the administrative exemption.  Their brokers are not administratively exempt because they are production workers and their primary duty does not consist of the "performance of office or nonmanual field work directly related to management policies or general operations of such individual's employer, as required by 12 NYCRR §142-2.14.

35.     The Defendants' commissioned brokers fail to meet the salary basis test for the administrative exemption.  Although some stock brokers receive a draw against commissions, this is a loan and not a salary.

36.     Lastly, brokers are subject to deductions by the employer for incorrect trades or other matters pertaining to the quantity or quality of the work performed and such deductions destroy a claim to exemption.

37.     As no exemptions under New York overtime laws apply, Plaintiff hereby demands, pursuant to Rule 23(b)(3) of the FRCP, that he and every other broker be compensated under New York Labor Law for every hour of overtime worked in excess of forty per week at any time during the six years preceding the filing of this complaint as well as the recovery of attorney fees and costs and prejudgment interest as provided by New York law.

///

///

///

///

**CLASS ACTION COMPLAINT**                                                    PAGE 8

## VII.

## PRAYER FOR RELIEF

38.    Plaintiff, individually and on behalf of others similarly situated, prays for relief as follows:

a.    An order directing that the Defendants compensate all commissioned brokers according to law for overtime hours worked;

c.    An order directing that the Defendants pay prejudgment interest;

d.    An order directing that the Defendants pay reasonable attorney fees and costs;

e.    No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York Law are sought in this action and are expressly waived; and

f.    Further orders directing such relief as this Court may deem just and proper.

///
///
///
///
///
///
///
///
///

**CLASS ACTION COMPLAINT**

Dated: August 29, 2005

MICHAEL SHEN & ASSOCIATES, P.C.

By: _____

Michael Shen, Esq.
225 Broadway, Suite 2515
New York, New York 10007
Telephone:    (212) 227-0300
Facsimile:    (212) 227-2714
Attorneys for Plaintiff

Of Counsel for Plaintiff:
Kevin J. McInerney, Esq.
Kelly McInerney, Esq.
Charles A. Jones, Esq.
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:    (775) 849-3811
Facsimile:    (775) 849-3866